**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
                               :
MARVIN BROWN,                  :
                               :   Civil Action No. 09-4773 (FSH)
              Petitioner,      :
                               :
         v.                    :        O P I N I O N
                               :
MICHELLE R. RICCI, et al.,     :
                               :
              Respondents.     :
_____:
```

**APPEARANCES:**

Marvin Brown, <u>Pro</u> <u>Se</u>
457097/386116-B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Leeann Cunningham, Esq.
Essex County Prosecutor's Office
50 West Market Street
Newark, NJ 07102
Attorney for Respondents

**HOCHBERG, District Judge**

Petitioner, Marvin Brown, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Michelle R. Ricci and the Attorney General of New Jersey.

For the reasons stated herein, the petition must be denied.

## BACKGROUND

On October 27, 2000, after a trial by jury, Petitioner was sentenced in the Superior Court of New Jersey, Law Division, Essex County, pursuant to New Jersey's Graves Act, N.J.S.A. 2C:43-6c and No Early Release Act, N.J.S.A. 2C:43-7.2, to a life term of imprisonment with and 85% parole disqualifier for murder and weapons convictions (Respondents' Exhibit "RE" DD).

Petitioner appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), which affirmed on December 12, 2002 (RE V). Petitioner did not petition for certification to the New Jersey Supreme Court.

Petitioner filed a petition for post-conviction relief in the trial court on May 8, 2006 (RE W).  The petition was denied on February 8, 2007 (RE Z), with the denial affirmed by the Appellate Division on February 23, 2009 (RE EE).  On May 7, 2009, the New Jersey Supreme Court denied certification (RE II).

Petitioner filed this petition for habeas relief, pursuant to 28 U.S.C. § 2254, on or about September 17, 2009.  He was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), on March 4, 2010.  Respondents were ordered to answer the petition.  On May 27, 2010, Respondents filed an answer and the relevant state court record.  Petitioner has not filed a reply/traverse to the answer.

In his petition, Petitioner asserts prosecutorial misconduct, trial court error, and ineffective assistance of counsel as his grounds for habeas relief (Petition, ¶ 12).

In the answer, Respondents argue as an affirmative defense that the petition is time-barred.  Respondents also asserts that the claims have no merit.

## DISCUSSION

### A.   Pleading Standards

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B.   The Petition is Time-Barred

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

> violation of the Constitution or laws or treaties of
> the United States.

28 U.S.C. § 2254(a). A petitioner's ability to pursue the writ

of habeas corpus is subject to various affirmative defenses,

including the defense, asserted here, that this petition is

time-barred.

The limitation period for a § 2254 habeas petition is set

forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by
>> the conclusion of direct review or the expiration
>> of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an
>> application created by State action in violation
>> of the Constitution or laws of the United States
>> is removed, if the applicant was prevented from
>> filing by such State action;
>>
>> (C) the date on which the constitutional right
>> asserted was initially recognized by the Supreme
>> Court, if the right has been newly recognized by
>> the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the
>> claim or claims presented could have been
>> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this section.

4

The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002). Here, the facts alleged indicate that the timeliness of the entire petition must be measured by Section 2244(d)(1)(A).

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending" for tolling purposes.

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final under § 2244(d)(1). See Jimenez v. Quartermain, 129 S. Ct. 681 (2009).

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed." As such:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is

5

> "properly filed" when its delivery and acceptance are
> in compliance with the applicable laws and rules
> governing filings.  These usually prescribe, for
> example, the form of the document, the time limits upon
> its delivery, the court and office in which it must be
> lodged, and the requisite filing fee.  In some
> jurisdictions the filing requirements also include, for
> example, preconditions imposed on particular abusive
> filers, or on all filers generally.  But in common
> usage, the question whether an application has been
> "properly filed" is quite separate from the question
> whether the claims contained in the application are
> meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote

omitted) (finding that a petition was not "[im]properly filed"

merely because it presented claims that were procedurally barred

under New York law on the grounds that they were previously

determined on the merits upon an appeal from the judgment of

conviction or that they could have been raised on direct appeal

but were not).

An application for state post-conviction relief is

considered "pending" within the meaning of § 2244(d)(2), and the

limitations period is statutorily tolled from the time it is

"properly filed," during the period between a lower state court's

decision and the filing of a notice of appeal to a higher court,

Carey v. Saffold, 536 U.S. 214 (2002), and through the time in

which an appeal could be filed, even if the appeal is never

filed, Swartz, 204 F.3d at 420-24.  However, "the time during

which a state prisoner may file a petition for writ of certiorari

in the United States Supreme Court from the denial of his state

6

post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. See Jones, 195 F.3d at 159; see also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal

habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, the judgment against Petitioner was entered on October 27, 2000. Petitioner's direct appeal concluded on December 12, 2002, with the affirmance by the Appellate Division. Petitioner did not file for certification with the New Jersey Supreme Court; however, the Court notes that he would have had twenty days to do so, see N.J. Court R. 2:12-3(a). Thus, Petitioner had until January 2, 2003 to file for certification in the New Jersey Supreme Court, and the conviction became "final" on that date, for purposes of calculating the federal limitations period.

Thus, absent some other basis for tolling, the one-year limitations period for filing this federal habeas petition expired on January 3, 2004 (which is one year from the date that Petitioner could have filed for certification to the New Jersey Supreme Court).

Petitioner did not file his state petition for post-conviction relief until May 8, 2006, after the federal habeas limitations period had already expired.  Thus, that filing would have been too late to statutorily toll the federal limitations period, which had already expired.

Accordingly, this petition is time-barred, and must be denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find this Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## CONCLUSION

For the reasons set forth above, the petition must be denied. An appropriate order follows.


s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

Dated: February 2, 2011

10